# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN

**ROY ANDERSON CARVER, Jr.**                                                                **PLAINTIFF**

v.                                                                                     **CIVIL ACTION NO. 1:16-CV-P6-GNS**

**COMMONWEALTH OF KENTUCKY et al.**                                         **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Roy Anderson Carver, Jr., filed a *pro se* complaint on this Court's form for prisoners bringing a civil rights suit pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

At the time Plaintiff filed his complaint, he was a prisoner at the Warren County Regional Jail. He has since been released from confinement.

Plaintiff names as Defendants in their official and individual capacities: Kentucky Governor Steve Beshear; Indiana Governor Mike Pence; and Indiana chief prosecuting attorney Bernard Carter. He also names the following entities as Defendants: the Kentucky Department of Public Advocacy (DPA) and the Kentucky Parole Board. Almost all of his claims revolve around what appear to be state-court trials and convictions for flagrant non-support on October 6, 1999; June 27, 2013; and May 6, 2015.

Plaintiff asks for monetary and punitive damages. He also asks for injunctive relief in the form of "revise Indiana electronic surveillance statute" and "revise KRS 530.050(D) flagrant nonsupport statute."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Claims regarding the fact or duration of his confinement

Many of Plaintiff's claims, for example, his claims that he received ineffective assistance of counsel, have to do with his convictions and sentences. Plaintiff's claims implicating the fact and/or duration of his confinement must be brought as claims for habeas corpus relief under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) (habeas corpus is the exclusive

remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). Therefore, dismissal of these claims is appropriate. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *King v. Moyes*, No. 2:10-cv-234, 2010 WL 4705269, at *2 (W.D. Mich. Nov. 12, 2010).[1]

### B. Kentucky Defendants

#### 1. *Claims against Kentucky state agencies and Defendant Beshear in his official capacity*

Plaintiff's claims against state agencies and a state official in his official capacity are deemed claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* § 1983. State officials in their official capacities for damages and state agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, Plaintiff's claims for money damages from these Defendants fail to allege cognizable claims under § 1983. Moreover, Defendants are immune from monetary damages under the Eleventh Amendment. *See id.* The Court will dismiss the claims for monetary relief against these Defendants pursuant to § 1915A(b)(1) and (b)(2).

However, in *Will*, the Supreme Court noted that officials still may be sued for injunctive relief under § 1983 because "'official capacity' actions for prospective relief are not treated as actions against the State." *Will*, 491 U.S. at 71 n.10. The Sixth Circuit, in *McKay v. Thompson*, 226 F.3d 752 (6th Cir. 2000), followed this approach. There, the Sixth Circuit noted, "the Eleventh Amendment permits prospective injunctive relief, but not damage awards, for suits

---

[1] The Court notes that Plaintiff has filed a habeas corpus petition raising these issues. *Carver v. Commonwealth of Kentucky*, 1:15-cv-P113-GNS.

against individuals in their official capacities under 42 U.S.C. § 1983." *Id.* at 757. Along with monetary damages, Plaintiff's complaint requests prospective injunctive relief in the form of "revise Indiana electronic surveillance statute" and "revise KRS 530.050(D) flagrant nonsupport statute." Consequently, Plaintiff's § 1983 action, insofar as it is for injunctive relief against Defendant Beshear[2] in his official capacity, is not barred by the Eleventh Amendment's grant of sovereign immunity.

However, clearly, Defendant Beshear has no ability to revise a statute of another state. Therefore, the requested relief as to the Indiana statute has no application to Defendant Beshear.

The requested injunctive relief as to the Kentucky statute is also unavailable. Under *Ex Parte Young*, 209 U.S. 123 (1908), a state official's Eleventh Amendment immunity is abrogated "when a suit challenges the constitutionality of a state official's action." *Children's Healthcare Is A Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1415 (6th Cir. 1996). The Sixth Circuit has held that this standard requires that the state official threaten and be about to commence proceedings in order for the exception to apply. *Id.* "General authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law." *Id.* at 1416 (internal quotation marks and citation omitted). Thus, when a state official has no connection to the enforcement of a statute, and therefore, no duty to a plaintiff, he is properly dismissed as a defendant. *Id.* at 1416-18.

"As head of the executive branch, a governor is generally responsible for the enforcement of Kentucky law. However, the Sixth Circuit has rejected the argument that this alone is sufficient to abrogate a state official's immunity." *Kelly v. Burks*, 414 F. Supp. 2d 681,

---

[2] Defendant Beshear is no longer governor of Kentucky. Under Fed. R. Civ. P. 25(d), such a public "officer's successor is automatically substituted as a party," and "[t]he court may order substitution at any time." However, because as explained below, the Court finds that no claim against the Governor of Kentucky survives initial review, substitution of the current governor is not necessary.

4

685 (E.D. Ky. 2006). Therefore, Plaintiff fails to state a claim against Defendant Beshear regarding revision of the Kentucky statute.

### 2. *Individual-capacity claims against Defendant Beshear*

The section of the complaint pertaining to the Kentucky Governor states:

> Commonwealth of Kentucky by executive and legislative statutes of the Governor violated movant's Fourth, Fifth, Sixth, Eighth, and 14th Amendment rights to the U.S. Constitution when the commonwealth pursuant [to] KRS 530.050(1) the triggering mechanism for flagrant nonsupport, the false seizure, trial and conviction of movant on October 6, 1999, violation of the Sentencing Reform Act of 1984; 18 U.S.C. §§ 3551-2559 with no liberty interest for parole, probation, or conditional discharge and falsely seized, tried, and convicted the movant of flagrant non support on May 6, 2015 the triggering mechanism for violation of the Sentencing Reform Act of 1984; 18 U.S.C. §§ 3551-3559 for an enhanced criminal justice sentence with no liberty interest for parole [illegible] or conditional under movant's 99-cr-0070 and 11-cr-00482 criminal actions violating 42 U.S.C. § 1983 prisoner's civil rights act.

First, Plaintiff alleges no personal involvement of Defendant Beshear. The specific facts alleged in a complaint must explain how a defendant is personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Plaintiff fails to do so.

Second, members of the executive branch while acting in a legislative capacity are immune from lawsuits which attempt to impose any form of liability, including claims for declaratory relief, damages, or retrospective or prospective injunctive relief. *See Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998); *Tenney v. Brandhove*, 341 U.S. 367 (1951); *Alia v. Mich. Supreme Ct.*, 906 F.2d 1100, 1102 (6th Cir. 1990); *Haskell v. Washington Twp.*, 864 F.2d 1266, 1277 (6th Cir. 1988). Because Plaintiff's claims against Defendant Beshear revolve around "executive and legislative statutes," these claims are barred by immunity.

Third, as already discussed, to the extent these claims are challenging his convictions or sentences, these claims must be brought in a petition for writ of habeas corpus. Thus, the individual-capacity claims against Defendant Beshear must be dismissed.

### C. Indiana Defendants

Plaintiff fails to explain how this Court sitting in the Western District of Kentucky would have jurisdiction over the governor or other official of another state. In fact, this Court has no jurisdiction against these Defendants. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316-19 (1945); *S. Mach. Co. v. Mohasco Indus.*, 401 F.2d 374, 380 (6th Cir. 1968); *see also Burger King Corp. v. Rudzewski*, 471 U.S. 462, 475-78 (1985). For this reason, Plaintiff's claims against the Indiana Defendants (Pence and Carter) must be dismissed for lack of personal jurisdiction. *See Coleman v. Lappin*, No. 6:10-CV-186-GFVT, 2011 WL 4586922, at *3-4 (E.D. Ky. Sept. 29, 2011) (dismissing claims against Indiana defendants for lack of personal jurisdiction). For this reason, the claims against Defendants Pence and Carter will be dismissed without prejudice to Plaintiff pursuing his claims against them in the proper form.

### D. Claims against non-Defendants Kimberly Georghagen, Judge Steve Wilson and prosecutor Kori Beck

Although not named as Defendants, Plaintiff's complaint contains allegations against "Kimberly Georghagen, advocate for the Commonwealth of Kentucky"; Honorable Steve Wilson who acted "as judge in administrative proceedings he transferred movant's civil divorce case . . . to the Warren Family court"; and Kori L. Beck, who "advocated for Commonwealth of Kentucky's flagrant non support charges."

Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Here, however, an amendment to include these non-parties as Defendants would be futile.

Plaintiff's claims against the prosecutors (Georghagen and Beck) relate to their conduct in their role as advocates. To the extent that Georghagen and Beck were acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth

of Kentucky's case, they enjoy absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *see also Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury). Moreover, federal courts have no general power to compel action by state officers in the performance of their duties. *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970).

Judge Wilson would also be immune from suit. A judge performing judicial functions is absolutely immune from suit seeking monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity is available even if the judge acts maliciously, corruptly, or in bad faith. *Id.* at 11. A judge will not be immune from suit where: 1) the judge acts in a non-judicial capacity; or 2) the judge acts in the complete absence of all jurisdiction. *Id.* at 11-12. However, a judge acts in the complete absence of all jurisdiction only if a matter was clearly outside the court's subject matter jurisdiction. *King v. Love*, 766 F.2d 962, 966 (6th Cir. 1985). Because Plaintiff essentially complains only about conduct that comprises the core of Judge Wilson's official duties, the Court concludes that absolute judicial immunity would bar the claims for monetary damages against Judge Wilson. *See Mireless*, 502 U.S. at 9.

To the extent that Plaintiff seeks equitable relief, § 1983 does not allow it except in certain cases. Section 1983 provides in pertinent part that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was

7

unavailable." Plaintiff does not allege, and nothing in the complaints suggests, that a declaratory decree was violated or that declaratory relief was unavailable.

### E.  Claims against non-Defendant Department of Corrections

Although Plaintiff does not name the Kentucky Department of Corrections (KDOC) as a Defendant in this action, he does allege that the KDOC failed to provide medical screening for:

> the detection and prevention of infectious diseases among inmates the kind and types of immenent bodily injury threats to the inmate's and staffs health from spread of HIV, hepatitis, tuberculosis, staff infections, mercer, Legionaires disease and excessive tobacco smoke (ETS) second smoke lung irritants before classification entry into general jail housing populations by inadequate medical and enforcement policies.

He argues that KDOC's failure to perform this screening under various state statutes violates § 1983.

There is no need to allow Plaintiff to amend his complaint to add this entity as a Defendant because Plaintiff does not allege that he suffered any harm from the alleged failure of the KDOC to conduct medical screenings. He does not allege any actual harm to himself, and "[a] speculative injury does not vest a plaintiff with standing." *King v. Deskins*, No. 99-6381, 2000 WL 1140760, at *2 (6th Cir. Aug. 8, 2000).

Furthermore, his allegations are that the KDOC did not follow state law. Mere allegations of state law violations are insufficient to state a claim under § 1983. *Huron Valley Hosp. v. City of Pontiac*, 887 F.2d 710, 714 (6th Cir. 1989). Thus, no opportunity to amend his complaint in this regard is warranted.

## III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's claims.

Date: July 18, 2016

**Greg N. Stivers, Judge
United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4416.009